UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DERREK WRIGHT,

                            Plaintiff,

                     v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

**MEMORANDUM & ORDER**
17−CV−422 (PKC)

----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Derrek Wright, proceeding *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's ("SSA") determination denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Dkt. 1.) Pending before the Court is the Acting Commissioner of Social Security's ("Commissioner") motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). (Dkt. 14.) Because Plaintiff has failed to exhaust his administrative remedies with respect to his DIB claim, the Court grants the Commissioner's motion and dismisses Plaintiff's complaint.

## BACKGROUND

       On September 22, 2015, Plaintiff filed applications for DIB and Supplemental Security Income (SSI). (Declaration of Cristina Prelle, Chief of Court Case Preparation and Review, Branch 4 Office of Disability Adjudication and Review, Social Security Administration ("Prelle Decl."), Dkt. 15-2, at ¶ 3(a).) On September 28, 2015, Plaintiff's DIB application was denied because he had not worked long enough to obtain sufficient quarters of coverage. (*Id.*) On April 6, 2016, Plaintiff's SSI claim was approved. (*Id.*) There is no evidence in the record that Plaintiff

appealed the denial of his DIB application. (*Id.* at ¶ 3(b).) Plaintiff did not file a request for reconsideration, a hearing with an Administrative Law Judge ("ALJ"), or review by the Appeals Council. (*Id.*) Plaintiff instead commenced this action seeking judicial review of the denial of DIB on January 18, 2017. (Dkt. 1.) The parties submitted their fully briefed motions on September 6, 2017, including Defendant's motion to dismiss (Dkt. 14), Plaintiff's response (Dkt. 12), and Defendant's reply (Dkt. 16).

## DISCUSSION

### I. STANDARD OF REVIEW

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir. 1993) (citation omitted). Although courts must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *see Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), a court may look beyond the allegations of the complaint and "examine evidence outside of the pleadings" when it considers a motion to dismiss for lack of subject matter jurisdiction, *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citation omitted). A plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

### II. EXHAUSTION REQUIREMENT

A district court's subject matter jurisdiction over the SSA's denial of DIB is limited. The court has jurisdiction pursuant to Section 405(g) of the Act, 42 U.S.C. § 405(g), which provides, in part:

(g) Judicial review

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

"Section 405(g) . . . has been interpreted to require that, generally speaking, administrative procedures must be exhausted before judicial review is available." *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). The Social Security regulations set forth the administrative remedies available to an aggrieved claimant. *See* 20 C.F.R. § 404.900(a). Following the initial determination of his claim, a plaintiff has the opportunity to seek a hearing before an ALJ, 20 C.F.R. §§ 404.933, 404.936, 404.955, and then have the ALJ's determination reviewed by the Appeals Council, 20 C.F.R. § 404.968. The Appeals Council may either grant the request for review and issue its own decision or deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. After receiving the "final decision" of the Appeals Council, the claimant may then seek judicial review of this decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.*; *see also* 42 U.S.C. § 405(g). Section 405(h) of the Act provides that the Commissioner's decisions are binding and non-reviewable, except as provided in Section 405(g). 21 U.S.C. § 405(h).[1] "It is well settled that under 42 U.S.C. §§ 405(g) and (h), judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing[;] that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Smith v. Barnhart*,

---

[1] Section 405(h) provides that "[t]he findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing[]", and bars review by "any person, tribunal, or governmental agency except as herein provided."

3

293 F. Supp. 2d 252, 255 (E.D.N.Y. 2003) (quoting *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995)).

Here, Plaintiff commenced this action before seeking a hearing with an ALJ or requesting Appeals Council review. As a result, there is no "final decision" for this Court to review. *See* 42 U.S.C. §§ 405(g) and (h). Although the exhaustion requirement may be waived "by the Commissioner, or, in appropriate circumstances, by the Court," *Matthews*, 891 F. Supp. at 188, the Commissioner has not done so here. Additionally, Plaintiff has failed to present any facts suggesting that he is entitled to a waiver of the generally-applicable exhaustion requirement. *See Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983) ("A waiver of the exhaustion requirement may be inferred where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no post hoc relief would be adequate."). Accordingly, the Court is without jurisdiction to review the SSA's September 28, 2015 denial of Plaintiff's claim for DIB.

## CONCLUSION

Based on the foregoing, the Court grants the Commissioner's motion to dismiss the complaint for lack of subject matter jurisdiction. The Clerk of Court respectfully is directed to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       April 5, 2018

4